# CIRCUIT COURT OF THE CITY OF NORFOLK

Matthew Jernigan,
etc., et al.

v.

Mark G. Patton et al.

September 11, 1998

Case No. (Law) L97-110

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiffs have sued Darlene Myles by an amended motion for judgment that alleges she parked her recreational vehicle on Drury Lane in violation of Code of Chesapeake § 74-250(c) and in a manner to obstruct the road. They allege Myles was negligent *per se* in parking her recreational vehicle in violation of the City code and that her negligence and the negligence of Mark G. Patton caused their damages. Myles has filed a demurrer claiming her violation of the code section would not be negligence *per se* because the statute was not enacted to benefit the plaintiffs. The demurrer is sustained.

The section provides:

(c) *Buses, trucks and major recreational equipment in residential district.* It shall be unlawful for any person to park any bus that has a carrying capacity of more than nine passengers, any truck that has a carrying capacity of more than one ton, any tractor that can be detached from a trailer or any major recreational equipment on any street in a residential district in the city except for the purpose of loading or unloading. For the purposes of this section, major recreational equipment includes but is not limited to boats, boat trailers, travel trailers, pickup campers or coaches (designed to be mounted on automotive vehicles), motorized dwellings, tent trailers

and the like and cases or boxes used for transporting recreational equipment, whether occupied by such equipment or not.

The violation of a statute alone does not constitute actionable negligence or make the guilty party negligent *per se* unless the injured person is one "for whose benefit or protection the law was enacted." *Williamson* v. *Old Brogue, Inc.*, 232 Va. 350, 355, 350 S.E.2d 621, 624 (1986), quoting *Smith* v. *Transit Co.*, 206 Va. 951, 957, 147 S.E.2d 110, 114-15 (1966). In making this determination the court must look to the purpose of the statute, and a statute's enactment pursuant to the police power to protect the safety, health, and welfare of the community does not *ipso facto* make it a public safety measure. *Williamson, supra*, 232 Va. at 355-56, 350 S.E.2d at 625.

Although it may have incidental public safety benefits, I conclude the purpose of § 74-250(c) is aesthetic. The statute does not base its restrictions on the length or width of the vehicle. Although it does prohibit the parking of certain large types of "major recreational equipment" such as "motorized dwellings" and "travel trailers," it also prohibits the parking of "pickup campers," which appear to be pickup trucks with shells mounted to the beds, as well as "cases or boxes used for transporting recreational equipment."

Common observation tells us that a "pickup camper" is, in many cases, no wider or longer than the pickup truck on which it rests, and thus no more likely to obstruct traffic. The parking of pickup trucks (without camper shells) on residential streets in the City of Chesapeake is, for obvious political reasons, not proscribed. The Chesapeake City Council has, it would appear, favored owners of Chevy S-10s and Ford F-150s over owners of Coachmen and Airstreams, but I digress.

I cannot glean any public safety rationale for the proscription on parking "cases or boxes used for transporting recreational equipment." Pity the hapless Chesapeake angler who, after a blissful day on the Bay, forgetfully leaves his tackle box on the street in front of his house. Would a cooler be a box used for transporting recreational equipment? I believe that among fishermen there would be a near unanimity of opinion on the subject.

Finally, the statute is restricted to residential districts. A Winnebago Vectra Grand Tour could pose as great an obstruction to traffic while parked on a narrow street in downtown Deep Creek as on a boulevard in Woodard's Mill.

This leads me to conclude that the Chesapeake City Council passed subsection (c) because many constituents, rightly or wrongly, consider the vehicles listed to be eyesores likely to depress property values. The Council

must certainly have had good reason, but the proscription of "cases or boxes used for transporting recreational equipment," does, I confess, baffle me.

Mr. Dunn shall prepare the appropriate order, allowing the plaintiffs twenty days from the date of this letter to file a second amended motion for judgment if they be so advised.